IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRY C. COLEMAN | ) | |
| | ) | |
| v. | ) | NO. 3:10-0864 |
| | ) | |
| CRIMINAL JUSTICE CENTER, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 23, 2010 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

The plaintiff brings this action pro se and in forma pauperis seeking relief under 42 U.S.C. § 1983 for alleged violation of his civil rights. Named as defendants are the Criminal Justice Center, the Mayor of Davidson County, the Sheriff of Davidson County, the 2nd shift Lt. over the Justice Center, the 2nd shift Chief of Police, and 2nd shift Deputy Brian Moore. The plaintiff asserts that he was arrested on August 16, 2010, for public intoxication by Officer Brian Moore and was taken to the Criminal Justice Center for booking. He alleges that Officer Moore became impatient with him while they were walking up steps at the Criminal Justice Center, grabbed him by the shirt, and dragged him up the steps. The plaintiff alleges he was injured by the actions of Officer Moore and

was eventually taken to the hospital where x-rays showed that his ankle was fractured. He also contends that a pre-existing injury to his right leg was aggravated by the actions of Officer Moore.

Pro se complaints are to be construed liberally by the Court. See Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990). To state a claim upon which relief can be granted, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Id. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. See Scheid

v. Fanny Farmer Candy, 859 F.2d 434, 437 (6th Cir. 1988). Further, the plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). The less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. Wells, 891 F.2d at 594 (6th Cir. 1989).

After review of the plaintiff's complaint, the Court finds that the plaintiff has stated an arguable claim under 42 U.S.C. § 1983 that his constitutional rights were violated by Officer Brian Moore.

The Court finds that all other defendants should be dismissed from this action because any claims asserted against them are frivolous under 28 U.S.C. § 1915(e)(2). Neitzke v. Williams, 490 U.S. 319 (1989). The facts alleged by the plaintiff simply do not support arguable claims against any of the other defendants.

The Criminal Justice Center is a building and is not a proper defendant. See Pianga v. Williams County Jail, 2006 WL 618912 (M.D. Tenn. March 10, 2006) (Echols, J.); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989).

With respect to the remaining defendants, who are not specifically identified but are referred to only by their official positions of mayor, sheriff, lieutenant, and chief of police, respectively, the plaintiff has not set forth factual allegations which support either individual or official capacity claims against them. A defendant cannot be held liable under 42 U.S.C. § 1983 absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Hardin v.

3

Straub, 954 F.2d 1193, 1196 (6th Cir. 1992); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Because constitutional liability requires a showing of the personal involvement of the defendant in the alleged unconstitutional activity, a defendant cannot be found liable under the theory of respondeat superior merely because he or she is in a supervisory position. Shehee, 199 F.3d at 300; Hays v. Jefferson County, 668 F.2d 869, 872 (6th Cir. 1982). The plaintiff's complaint simply does not contain any allegations which support a claim of individual liability against any defendant other than defendant Brian Moore.

To the extent that the complaint can be construed to assert official capacity claims against any of the unnamed defendants, such claims are essentially claims of municipal liability against the defendants' employer. See Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). For such claims, the plaintiff must set forth facts upon which municipal liability can be found by showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by the Metropolitan Government. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In short, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996). The plaintiff's complaint does not contain any factual allegations supporting such claims.

# RECOMMENDATION

For the reasons set out above, the Court respectfully recommends that the Clerk be directed to send to the plaintiff a service packet (a blank summons and USM 285 form) for defendant Brian Moore, with a warning that the plaintiff's failure to return the service packets may result in the dismissal of this action for his failure to prosecute.[1]  Upon the return of a completed service packet, process should issue to defendant Moore.

The Court RECOMMENDS that the claims against all other defendants be DISMISSED from the action as frivolous under 28 U.S.C. §§ 1915(e)(2).

As some of the plaintiff's claims are frivolous, the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under Section 1915(a).

Upon the filing of the defendant's answer, the Court will enter a scheduling order for the progression of pretrial proceedings in the action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

---

[1] The order of referral was mailed to the plaintiff at the address he provided in his complaint but the mailings sent to him have been returned as undeliverable, see Docket Entry Nos. 5-6, and the plaintiff has not provided the Court with a new address.

See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                      Respectfully submitted,

                                      _____
                                      JULIET GRIFFIN
                                      UNITED MAGISTRATE JUDGE