IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERRY C. COLEMAN )
)
v. ) NO. 3:10-0864
)
CRIMINAL JUSTICE CENTER, et al. )

TO: Honorable Aleta A. Trauger, District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered September 23, 2010 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

The plaintiff brought this action pro se and in forma pauperis seeking relief under 42 U.S.C. § 1983 for alleged violation of his civil rights related to his arrest on August 16, 2010. Six defendant were named in the complaint: the Criminal Justice Center ("CJC"), the Mayor of Davidson County, the Sheriff of Davidson County, the 2nd shift Lieutenant over

the CJC, the 2nd shift Chief of Police, and 2nd shift Deputy Brian Moore. At the time the complaint was filed, the plaintiff was no longer incarcerated.

By Order entered February 1, 2011 (Docket Entry No. 12), the Court dismissed all claims in the action except for claims against Brian Moore, and directed the Clerk to send to the plaintiff a service packet which he was to complete and return to the Court. Upon return of the service packet, process would issue to defendant Moore. The plaintiff was specifically advised that his failure to return the service packet could result in the dismissal of his action for failure to prosecute. Because the plaintiff did not comply with the February 2, 2011, Order and return a service packet to the Court, the Court again advised the plaintiff that he must return a service packet to the Court so that process could issue to defendant Moore. See Order entered March 18, 2011 (Docket Entry No. 15). The Court warned the plaintiff that the case would be recommended for dismissal if a service packet was not returned by April 11, 2011.

The record in the action shows that the plaintiff has not returned a service packet to the Court as he was twice ordered to do and that he has not otherwise contacted the Court since filing his complaint.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by

Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the court may dismiss an action as a sanction.

In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's failure to comply with specific directives from the Court to return a service packet for defendant Moore or to respond in any way to the Court's orders clearly indicates that the plaintiff no longer wishes to prosecute this action. Dismissal of the action with prejudice is appropriate in light of the plaintiff's lack of interest in the action, the impasse in the action caused by plaintiff's conduct, and the needless expenditure of resources by the Court caused by the plaintiff's conduct.

**RECOMMENDATION**

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge